[No. A050386. First Dist., Div. Five. Apr. 12, 1991.]

THE PEOPLE, Plaintiff and Respondent, v.
GENE ALLEN GIBSON, Defendant and Appellant.

**COUNSEL**

James L. Lozenski, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Herbert F. Wilkinson and Jeremy Friedlander, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**HANING, J.**—Gene Allen Gibson appeals his convictions by jury trial of causing bodily injury while driving under the influence of alcohol (Veh. Code, § 23153, subd. (a))[1], and reckless driving causing bodily injury. (§ 23104.) An allegation that he injured more than one person while driving under the influence was found true. (§ 23182.) He contends, inter alia, that

---

[1] Unless otherwise indicated, all further statutory references are the the Vehicle Code.

the enhancement must be reversed because the verdict does not specify the number of injured victims. We agree and reverse.

## FACTS

Sherill Smothers, his wife Lynne, and their two-year-old son Antonio were driving home when appellant's car struck them from the rear, causing their car to spin, flip, and land upside down on the right shoulder of the highway. Antonio was ejected, but his parents remained inside. Mrs. Smothers extricated herself by breaking her passenger side window and crawling out. She found Antonio on the ground in front of the car. He had a "couple of scratches [on] his head, on his face, minor bruises," but was otherwise uninjured. Mrs. Smothers suffered cuts and bruises on her face, and some soft tissue injury to her back, for which she received chiropractic treatment. She had no back problems before the accident. Mr. Smothers suffered a spinal cord injury and was paralyzed from the chest down.

## DISCUSSION

Section 23182 provides that any person who proximately causes bodily injury "to more than one victim in any one instance of driving in violation of Section 23153 . . . shall, upon a felony conviction, receive an enhancement of one year in the state prison for each additional injured victim. The enhanced sentence . . . shall not be imposed unless the fact of the bodily injury to *each* additional victim is charged in the accusatory pleading and . . . found to be true by the trier of fact. . . ." (Italics added.) The information alleged that appellant caused injury to Sherill, Lynne, and Antonio Smothers.

In its verdict finding appellant guilty of causing injury while driving under the influence, the jury further found that appellant "did cause bodily injury to more than one victim within the meaning of [section] 23182." Both parties agree that, given its severity, Mr. Smothers's injury formed the basis of appellant's conviction of section 23153, and any additional victims under the enhancement would be either Mrs. Smothers or Antonio, or both.

Respondent concedes the verdict is erroneous because the jury determined only that more than one person was injured, rather than specifying the particular additional person or persons. ▉ Respondent contends the erroneous verdict does not compel reversal of the enhancement, but merely limits it to one year because, although a reasonable jury could have concluded that Antonio did not sustain bodily injury, no reasonable jury could have failed to find injury to Mrs. Smothers.

█ A defendant in a criminal case is entitled to have a jury determine unanimously and beyond a reasonable doubt that an allegation calling for a special finding is true. Its determination must be preceded by proper instructions regarding the meaning of the statute governing the allegation. (Cal. Const., art. I, § 16; *People* v. *Belmontes* (1988) 45 Cal.3d 744, 792 [248 Cal.Rptr. 126, 755 P.2d 310]; see *People* v. *Miranda* (1987) 44 Cal.3d 57, 99 [241 Cal.Rptr. 594, 744 P.2d 1127]; *People* v. *Najera* (1972) 8 Cal.3d 504, 510 [105 Cal.Rptr. 345, 503 P.2d 1353].) █ Thus, when a section 23182 allegation charges that two or more persons were injured, the jury must unanimously agree which of those persons were injured. This obligation not only protects the defendant's right to a unanimous finding, it informs the court of the number of years available to enhance the penalty, insofar as one year of enhancement is permitted per victim, up to a maximum of three.

Here, the special finding does not manifest the requisite juror unanimity. It merely indicates that all jurors believed *someone* was injured. Otherwise it is ambiguous, suggesting alternatively that the jury might unanimously have found both Antonio and Mrs. Smothers were injured, might have unanimously found one but not the other injured, or might have been divided, with some jurors finding Antonio and some finding Mrs. Smothers injured.

A review of the evidence does not eliminate the special finding's ambiguity. Rather, it reinforces it. There was no medical evidence of injury to Mrs. Smothers or Antonio, either in the form of testimony by health care providers or documents such as medical bills or hospital records. There was no testimony from witnesses present at the accident scene—appellant, his passenger, passing drivers, or the attending highway patrol officers—that either of them was injured. The sole evidence of their injury was Mrs. Smothers's testimony. According to her, other than a few superficial head cuts and bruises, Antonio was not seriously injured and has never required medical attention. She sustained some facial cuts and/or scratches, not apparently requiring medical attention, and has received chiropractic treatment for soft tissue injury in her back, but she did not testify as to any significant resulting physical limitation.

In certain cases the testimony of the injured victim alone may be sufficient to sustain a finding of injury. For instance, the only evidence of Mr. Smothers's injury was his own testimony. However, not only did Mr. Smothers define his injury with specificity—C6-7 quadriplegia with paralysis from the chest down, limited movement in the arms, and no movement of the fingers—his injuries were visually apparent to the jury and undisputed. Mrs. Smothers's testimony on the issue of the injuries to her and

Antonio, particularly in the absence of any corroborating evidence, was vague and not sufficiently obvious for a reviewing court to determine how the jury approached the issue of which, if either of them, was injured.

The special finding resembles the verdict in *People* v. *McNeill* (1980) 112 Cal.App.3d 330 [169 Cal.Rptr. 313], in which the defendant was found guilty of assault. The information alleged that four persons were victims of an assault, but the verdict did not designate upon which of the four victims the assault was committed. "The possibility that the jurors may have come to different conclusions as to the identity of the assault victim vitiates the constitutionally required [assurance] of juror unanimity as to the assault conviction." (*Id.*, at pp. 335-336.) Because the appellate court could not say that the jurors agreed unanimously upon a single victim, it reversed the judgment. Likewise, because we cannot say whether the jury unanimously agreed who was injured, the special finding is deficient.

We note that the defective special finding was partially caused by incorrect instructions. The jury was instructed "that at the time of the commission of the crimes charged . . . [appellant] caused bodily injury to more than one victim. [¶] If you find [appellant] guilty of [either] of the crimes charged in . . . the information, you must determine whether or not the truth of this allegation has been proved." The instructional error was compounded by the prosecutor's misstatement of the law during her closing argument, in which she stated: "Last, I just want to touch upon the enhancement. [¶] The enhancement is, . . . that while a person is driving under the influence, this person caused multiple injuries. All three of the people in the victim's car are listed under that enhancement. [¶] . . . [¶] And if you find that any of those three multiple victims were hurt in any way, then that enhancement applies."

Under these circumstances, that portion of the judgment reflecting the enhancement is reversed. In all other aspects, the judgment is affirmed.

Low, P. J., and King, J., concurred.